**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| THOMAS BAILEY, #254-336 | : |
| Petitioner | : |
| v. | : CIVIL ACTION NO. WDQ-05-1808 |
| JON P. GALLEY, WARDEN and | : |
| THE ATTORNEY GENERAL OF THE STATE OF MARYLAND, J. JOSEPH CURRAN, JR. | : : |
| Respondents | : |

..oOo..

**MEMORANDUM**

It has come to the attention of the Court that Petitioner is challenging the same criminal conviction in this case and in Civil Action WDQ-05-1742. Indeed, portions of the pleadings in both cases are identical. Although the petitions were separately filed and bear different signature dates, they challenge the same underlying state conviction and sentence, with the latter petition complementing issues raised in the former. As such, the cases will be consolidated under WDQ-05-1742. The later filed case, WDQ-05-1808, will be construed as a supplement to the earlier filed petition.[1]

In addition, because the petition was filed more than one year after judgment of conviction became final, it appears untimely. If in their answer, Respondents move to dismiss the petition as time-barred, Petitioner has thirty days from the date of that answer to file a reply. In accordance with Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002), Petitioner shall be afforded an opportunity to explain why the § 2254 petition

---

[1] Respondents are directed to file the limited show cause response previously ordered in WDQ-05-1808 in consolidated action WDQ-05-1752 instead. If Respondents need additional time to file, they are directed to advise the Court.

should not be dismissed as time-barred, or in the alternative, why equitable tolling should apply.[2] See 28 U.S.C. §2244(d)(2); Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000). An order consistent with this Memorandum follows.

July 20, 2005            /s/
Date            William D. Quarles, Jr.
           United States District Judge

---

[2] A one-year statute of limitations applies to habeas petitions in non-capital cases for persons convicted in state court. See 28 U.S.C. § 2244(d). This section provides:

> (1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B)    the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)    the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

2