**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| THOMAS BAILEY, #254-336 | : |
|    Petitioner | : |
|       v. | :   CIVIL ACTION NO. WDQ-05-1742 |
| JON P. GALLEY, WARDEN | : |
|       and | |
| THE ATTORNEY GENERAL OF THE | : |
| STATE OF MARYLAND, J. JOSEPH | |
|  CURRAN, JR. | : |
|    Respondents | : |

..oOo..

**MEMORANDUM**

This matter is before the Court on petitioner Thomas Bailey's pro se application for a writ of habeas corpus pursuant to 28 U.S.C. §2254.[1]  In this petition, Bailey challenges his 1996 convictions in the Circuit Court for Harford County for first degree rape and related offenses. Counsel for Respondents, Warden Jon P. Galley, Western Correction Institution and J. Joseph Curran, the Attorney General of Maryland, has filed an answer and exhibits seeking dismissal of the petition as time-barred.[2]  Petitioner has filed a reply in opposition. Paper No. 20.[3]

Upon review of the pleadings, the Court finds no need for an evidentiary hearing.  See 28

---

[1] Civil Actions WDQ-05-1808 and WDQ-05-1923 were consolidated with the above-referenced matter.  Papers Nos.7 & 11.

[2] In accordance with Hill v. Braxton, 277 F. 3d 701 (4Th Cir. 2002), the Court granted Petitioner thirty days to file a reply.  Papers Nos. 7 and 18.

[3] By separate order, the Court will deny Petitioner's pending motions for copywork and appointment of counsel. Papers Nos. 19 & 20. Petitioner is not entitled to a transcript at government expense, where as here, there is no allegation or demonstration of a particularized need.  See United States. v. Shoaf, 341 F.2d 832, 833-834 (4th Cir. 1964).  In regard to the motion for appointment of counsel, Petitioner was able to articulate his claims, the claims were not unduly complex, and a hearing was not warranted. See 18 U.S.C. § 3006A(a)(2)(B); Rule 8(c) of the Rules Governing § 2254 Cases.

U.S.C. Section 2254(e)(2); Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts. The petition is time-barred and will be dismissed by separate Order.

## I. Procedural History

Bailey was sentenced in the Circuit Court for Harford County to two concurrent prison sentences of life with all but 40 years suspended after a jury convicted him of first degree rape and related offenses. Paper No. 16, Exhibits 1 & 2. In an unreported opinion filed on December 10, 1996, the Court of Special Appeals of Maryland affirmed the convictions. Paper No. 16, Exhibit 2. The mandate issued January 9, 1997. Paper No. 16, Exhibit 3. Bailey did not seek certiorari review before the Court of Appeals of Maryland, and his convictions became final on January 24, 1997. See Md. Rule 8-302 (requiring that a petition for writ of certiorari be filed not later than fifteen days after the mandate is issued by the Court of Special Appeals).

Bailey commenced state post conviction proceedings in the Circuit Court for Harford County on October 12, 1999. Paper No. 16, Exhibit 1. He withdrew his post conviction petition, without prejudice, on November 17, 2000. Paper No. 16, Exhibit 1 at 5. He filed a second post conviction petition on October 24, 2001. See id. The post conviction court held a hearing on the petition on July 19, 2002. By order dated August 9, 2002, the post conviction court denied the petition. Paper No. 16, Exhibit 1 at 6.

The record does not indicate that Bailey filed for leave to appeal, but it does show that on February 10, 2005, an order was filed by the Court of Special Appeals of Maryland dismissing as untimely his application for leave to appeal. Paper No. 16, Exhibits 1 & 3. The order of the Court of Special Appeals dismissing the application is dated February 4, 2005, and indicates that Bailey did not file for leave to appeal until January 21, 2005. Under these facts, because Bailey failed to file a timely application for leave to appeal his state post conviction proceedings, the state post conviction process became final on September 11, 2002. See Md. Rules 4-408 & 8-204

(providing that an application for leave to appeal shall be filed within 30 days after entry of judgment or order).

## II. Statute of Limitations

A one-year statute of limitations applies to habeas petitions in non-capital cases to defendants convicted in a state court. See 28 U.S.C. § 2244(d)(1).[4] This one-year period is, however, tolled while properly filed post conviction proceedings are pending and may otherwise be equitably tolled. See 28 U.S.C. §2244(d)(2); Harris v. Hutchinson, 209 F.3d at 328. In this case, petitioner has neither asserted, nor do the pleadings suggest, any circumstances to apply principles of equitable tolling. Paper No. 20.

## III. Analysis

For the purpose of assessing timeliness, the Court will review this petition as filed on

---

[4]This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

June 13, 2005.[5]  As noted above, the convictions became final on January 24, 1997. Therefore, the limitations period began to run on January 25, 1997 and expired on January 25, 1998. Under these facts, the limitations period had already elapsed when Bailey initiated state post conviction proceedings on October 12, 1999.  Consequently, the instant habeas petition was filed outside the statutory limitations period and is time-barred.  For these reasons, the Petition will be dismissed by separate order.

October 18, 2005   _____/s/_____
Date                        William D. Quarles, Jr.
                            United States District Judge

---

[5] The earliest of the petitions filed in this consolidated matter was dated June 13, 2005. The Court will assume it was delivered to prison authorities and filed on the same date. See Houston v. Lack, 487 U.S. 266 (1988); United States v. Dorsey, 988 F. Supp. 917, 919-920 (D.Md. 1998) (holding a petition shall be deemed to have been filed on the date it was deposited with prison authorities for mailing under the "prison mailbox" rule).